UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:24-10-DLB

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| V. | **UNITED STATES'S RESPONSE TO THE DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF** | |
| RAYMOND ANTHONY HAMMOND JR. | | DEFENDANT |

\* \* \* \* \*

Raymond Anthony Hammond Jr.'s ("Hammond's") has filed a motion seeking post-conviction relief pursuant to Federal Rule of Civil Procedure 60(b)(6). His motion should be construed as one seeking relief pursuant to 28 U.S.C. § 2255 and denied. Hammond failed to show that his sentence resulted from a "'fundamental defect'" in the proceedings resulting in a "'complete miscarriage of justice or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations omitted). He also failed to establish an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Id.*

### STATEMENT OF THE CASE

In March 2024, the United States Postal Inspection Service intercepted a package that contained over 1,200 grams of actual methamphetamine. [Sealed Presentence Investigation Report (PSR), ¶¶ 8, 12; R. 69: Plea Agreement ¶¶ 3(a), (e).] Agents detained Redrick Mincy ("Mincy") after he took possession of the package during a controlled delivery. [PSR ¶ 9.] Mincy admitted that he was receiving the package for

1

Hammond, and evidence on Mincy's phone corroborated that admission. [*Id.* ¶ 10.] The Defendant was arrested when he attempted to take possession of the package. [*Id.* ¶ 11.]

Hammond pleaded guilty to attempt to possess with the intent to distribute 500 grams or more of a mixture of substance containing methamphetamine pursuant to a plea agreement in which he admitted (i) that the substance contained over 1200 grams of actual methamphetamine and (ii) that he was previously convicted of a "serious violent felony" subjecting him to a statutory punishment of not less than 15 years incarceration. [PSR ¶ 4; R. 69: Plea Agreement ¶¶ 1, 3(e) & (f), 5.] The Court advised Hammond of the enhanced mandatory minimum penalty during his arraignment and his rearraignment. Hammond was sentenced to the mandatory minimum 15-year term—the lowest sentence he could receive—and 10 years of supervised release. [R. 99: Judgment.]

Hammond has now filed a motion seeking to vacate his sentence. [R. 100: Motion; *see* R. 101: Order.]

## ARGUMENT

Hammond asks the Court to vacate his sentence pursuant to Rule 60(b)(6), [R. 100: Motion at PageID # 220, 228,] but that Rule is inapplicable to his circumstances and arguments. "An actual Rule 60(b) motion is used to allege a defect in the integrity of collateral proceedings rather than attack the substance of the Court's resolution of a claim on the merits." *United States v. Duerson*, 5:19-cr-130-DCR, 2024 WL 3510861, at *1 (E.D. Ky. July 23, 2024). "Alternatively, 'a motion under Rule 60(b) is a … habeas petition if it contains one or more claims,'" which means that "'it seeks to add a new ground for relief or [ ] it attacks the federal court's previous resolution of a claim on the

2

merits." *Id.* (citations omitted). "Rule 60(b) cannot be used to circumvent the stringent standards for post-conviction relief," and a "motion that 'is in substance a … habeas petition' must 'be treated accordingly.'" *In re West*, 103 F.4th 417, 420 (6th Cir. 2024) (citations omitted); *see also In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) ("A Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion.")

Hammond does not allege "some defect in the integrity of the federal habeas proceedings." *In re Nailor*, 487 F.3d at 1022; *see Hensley v. United States*, 2023 WL 6465349, at *3 (6th Cir. Sept. 19, 2023) (recognizing that the absence of a "challenge [to] substantive rulings on [a] § 2255 claim[ ] … precludes relief under … Rule 60(b)(6)"). Instead, he raises six "Argument[s]": (1) his sentence should be reduced pursuant to the "Youthful Offender Amendment" in Guidelines section 5H1.1; (2) his cell phone was searched without a warrant; (3) his counsel failed to properly advise him of his sentencing exposure due to his "serious violent felony" conviction; (4) he was sentenced for an offense different than his conviction because his base offense level was based upon the amount of actual methamphetamine, not the weight of the mixture or substance; (5) the United States breached the plea agreement because the recommended base offense level was based on the amount of actual methamphetamine, not the weight of the mixture or substance; and (6) his sentence should be reduced by using the base offense level corresponding to the weight of the mixture or substance. [R. 100: Motion.] All six argument advance a new ground for relief, and, thus, are "in substance a habeas corpus

3

application … subject [ ] to the same requirements." *In re Nailor*, 487 F.3d at 1022. As set forth more fully below, Hammond's arguments all fail under § 2255.

Five of Hammond's claims are not even cognizable. The relief contemplated by § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, the statute authorizes review of claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In other words, a petitioner must identify and prove "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

Four of Hammond's arguments (1, 4, 5, and 6) concern the application of the Sentencing Guidelines, which is not a cognizable claim under § 2255. *See, e.g.*, *United States v. Hargis*, 5:21-cr-75-DCR-EBA, 2024 WL 5036645 at *3 (E.D. Ky. July 26, 2024) ("'[M]isapplication-of-the-guidelines-range' claims are not cognizable on collateral review because the Guidelines are advisory and 'the district court is free to vary from the Guidelines—and can impose a sentence at, below, or above the Guidelines.'" (quoting *Bullard v. United States*, 937 F.3d 654, 659 (6th Cir. 2019))).

Even if that did not preclude their consideration, Hammond still cannot obtain relief because he already received the lowest possible sentence under both the statute and the Guidelines. Put another way, even if the Court departed and/or lowered his base

4

offense level, it still could not impose less than 15 years of imprisonment. *Cf. Borden v. United States*, 2020 WL 6440457, at * 2 (6th Cir. May 1, 2020) ("[S]uch claim is not cognizable … absent a complete miscarriage of justice" and "[t]he fact that Borden ended up with a sentence within the corrected guidelines range shows that justice was served, not that it was miscarried."); *Goddard v. United States*, 2020 WL 4720602, at *2 (6th Cir. Apr. 29, 2020) ("[A] claim that the district court erroneously sentenced the petitioner as a career offender … does not present a cognizable claim for relief under § 2255 if he received a sentence that was within the Guidelines range without the career-offender enhancement.").

The fifth non-cognizable argument ("Argument #2") is a "free-standing Fourth Amendment" challenge to the search of Hammond's cell phone. [R. 100: Motion at Page ID# 222;] *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of a constitutional right that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Hammond cannot litigate suppression issues on collateral review, and so "Argument #2" fails. *See, e.g.*, *Ray*, 721 F.3d at 762 ("[F]ree-standing Fourth Amendment claims cannot be raised in a collateral proceeding under … § 2255."); *United States v. Smith*, No. 5:22-043-DCR, 2024 WL 3510045, at *1 (E.D. Ky. July 23, 2024) ("[A] Fourth Amendment violation … claim is not cognizable under section 2255.").

In any case, Hammond's Fourth Amendment claim is meritless. It is Hammond's burden to set forth adequate facts to establish that he is entitled to relief, and failure to do so is fatal. *See, e.g.*, *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences … have the burden of sustaining their contentions by a preponderance of the evidence.") "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Hammond claims that there was no warrant to search his cell phone, but that is incorrect. The government obtained federal search warrants for all three cell phones it seized from him.[1] [1:24-mj-221, 223, and 224 (S.D. Ohio Mar. 18, 2024).][2]

Hammond also mistakenly suggests that a search of his cell phone is what "corroborate[d] his attempts to recive [sic] the package" as set forth in the plea agreement. [R. 100: Motion at Page ID# 222.] Agents used text messages from *Mincy's* phone to corroborate *Mincy's* admissions that he was receiving the package for Hammond. [R. 69: Plea Agreement ¶ 3(c).] The only piece of the factual basis regarding Hammond's cell phone is that "one [of the phones] was used to inquire about the package's status" prior to the controlled delivery. [*Id.* ¶ 3(d); *see id.* ¶ 3(b).] Agents

---

[1] The search warrants were produced to Hammond's first retained counsel on March 26, 2024, and then reproduced to his second retained counsel on August 31, 2024.

[2] The phones were brought to USPIS's Cincinnati Field Office in the Southern District of Ohio following seizure from Hammond in Kenton County.

6

made that connection without a search of Hammond's phone—that is, they called the phone number used to contact USPS and then observed Hammond's phone ring.

In addition to the above, Hammond expressly "waive[d] the right to collaterally attack the guilty plea, conviction, and sentence" except for claims of ineffective assistance of counsel. [R. 69: Plea Agreement ¶ 7.] Arguments #1, 2, 4, 5, and 6 are not predicated on ineffective assistance, and Hammond does not challenge his waiver. The waiver, thus, compels the denial of Hammond's motion as to those Arguments. *See, e.g.*, *Stewart v. United States*, 2023 WL 8525593, at *2 (6th Cir. Dec. 8, 2023) (affirming denial of § 2255 petition where the petitioner "expressly waived his right to bring a motion under 28 U.S.C. § 2255 to challenge his sentence … and he does not challenge the validity of that waiver"); *Watson*, 165 F.3d at 489 ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence … bars such relief.").

*Ineffective Assistance*

Hammond also argues that his counsel "misadvised him about his potential sentencing exposure" by not "advis[ing] that if he entered into a plea agreement that he would be exposed to an 851 enhancement." [R. 100: Motion at Page ID# 222.] Ineffective assistance is a cognizable claim, but Hammond's argument is meritless.

In order to prevail on a claim of ineffective assistance, the Defendant bears the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's ineffectiveness prejudiced his defense so as to deprive him of his right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Because a § 2255 petitioner must satisfy both prongs of the *Strickland* test to demonstrate

ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

"Judicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. While counsel's tactical decisions are not immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984).

To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

Consistent with its normal practice, the Court carefully reviewed the nature of the charge to which Hammond pleaded guilty and the corresponding enhanced mandatory minimum term of imprisonment before accepting his plea. Fed. R. Crim. P. 11(b). He received the same advice during his arraignment. [*See* R. 22: Minute Entry for Initial Appearance; R. 9: Indictment at PageID #22, 24 (noticing serious violent felony and enhanced penalty); R. 11: 851 Notice (same).] Hammond agreed—orally during the rearraignment and in writing by signing the plea agreement—that he was previously

8

convicted of a "serious violent felony" and was, therefore, subject to an enhanced 15-year mandatory minimum sentence. The same information was included in his PSR. [PSR ¶¶ 13, 45, 96, 97.] Hammond was well-informed of his enhanced mandatory minimum penalty, and any suggestion to the contrary is unsupported and unavailing.

In addition to the above, and perhaps most importantly, Hammond never claims that he was prejudiced by his counsel purportedly "misadvis[ing]" him about the implications of his prior "serious violent felony" conviction. Hammond cannot establish prejudice unless he proves that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty but would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). But Hammond never even says that, and he also never disputes that he understood that he was subject to an enhanced mandatory minimum penalty. Mere dissatisfaction with counsel's representation cannot establish prejudice. *See Strickland*, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). Hammond's ineffective assistance claim fails.

## CONCLUSION

Hammond's motion seeks relief pursuant to 28 U.S.C. § 2255 notwithstanding his labels. Five of his claims are not cognizable under § 2255 and were also waived in his plea agreement. All his claims are meritless. His motion should be denied.

Respectfully submitted,

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

By: /s/ Andrew A. Spievack
Assistant United States Attorney
207 Grandview Drive, Suite 400
Ft. Mitchell, Kentucky 41017-2762
(859) 655-3205
Fax (859) 655-3211

## CERTIFICATE OF SERVICE

On May 16, 2025 I electronically filed this document by using the CM/ECF system, and I mailed a copy to:

Raymond Hammond, Register No. 05262-511
FCI Atlanta
Federal Correctional Institute
P.O. Box 150160
Atlanta, GA 30315
*Pro Se Defendant*

/s/ Andrew A. Spievack
Assistant United States Attorney