**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **Criminal Action No.** |
| ) | **2:24-cr-10-DLB** |
| v. ) | |
| ) | **Civil Action No.** |
| **RAYMOND ANTHONY** ) | **2:26-cv-85-DLB** |
| **HAMMOND, JR.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

Defendant/Movant Raymond Anthony Hammond, Jr. has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 107]. Defendant claims that his attorney provided ineffective assistance. Based on his assertion, the United States will seek to obtain information of the defendant's trial and/or appellate attorneys in an effort to refute some or all of his claims. In this regard, the Court notes that authority from several circuits, including this circuit, would indicate that Defendant has waived his otherwise valid assertion of attorney-client privilege with respect to the specific matters raised in his § 2255 motion. *See United States v. Pinson,* 584 F.3d 972, 977 (10th Cir. 2009), *cert. denied,* 559 U.S. 955 (2010); *In re Lott,* 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003) (en banc); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001); *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974); and *Laughner v. United States,*

373 F.2d 326, 327 (5th Cir. 1967). As the Sixth Circuit recognized in *In re Lott*, the attorney-client privilege may be waived, either expressly or by implication, in several ways. 424 F.3d at 453. Waiver may also occur when the defendant places at issue the subject matter of a privileged communication, which forces the Government to address the privileged matter to defeat a claim of ineffectiveness.

Accordingly, it is hereby **ORDERED** that, on or before **March 27, 2026**, Defendant is **DIRECTED** to respond to the question of whether he has waived the attorney-client privilege regarding all claims of ineffective assistance of counsel addressed in his motion filed pursuant to 28 U.S.C. § 2255. [DE 107]. Defendant is advised that a finding of implied waiver will result in the United States being allowed to contact his former attorney for the purpose of obtaining information necessary to respond to his claims of ineffective assistance of counsel.

Entered this 25th of February, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY